(No. 2660—)

Joseph Rider, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 8, 1941.*

Claimant, pro se.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This claim was filed by claimant for the sum of One Hundred Fifty-nine and 48/100 ($159.48) Dollars for medical and hospital services furnished to him, and which he has paid or obligated himself to pay in connection with injuries suffered by him as an employee of respondent.

As a clerk in the store room of the Corporation Department of the Secretary of State's office in the Capitol Building at Springfield, among other duties required of him was the opening of packages, boxes and crates containing supplies for such Department. These packages, boxes and crates weighed up to six hundred (600) pounds, and in opening them it was necessary that he use various carpenter's tools, to wit: Chisels, knives, saws, crow-bars, hammers, hatchets and scissors. On January 18, 1935, a large box containing annual reports slipped and fell, crushing his left foot, and making it necessary for him to go to the hospital to receive medical attention. He was off duty for twenty (20) days, after which time he returned to his place of employment. Claimant was compelled to pay out and become liable for the payment of Seventy-four and 48/100 ($74.48) Dollars to St. John's Hospital, and for Eighty-five ($85.00) Dollars medical bill to Dr. Charles H. Delano, or a total of One Hundred Fifty-nine and 48/100 ($159.48) Dollars. No claim is made for temporary or permanent disability, but claimant seeks an award in reimbursement of the medical and hospital expense incurred by him because of such accidental injury.

The Attorney General contends that inasmuch as claimant was paid his regular salary during the twenty days he was absent from his duties, such payment was for non-productive time, and that he was only entitled, under the terms of the Workmen's Compensation Act, during such time to one-half his average weekly pay; that he would not be entitled to compensation or pay the first eight of such twenty days, and that he would only be entitled to one-half of his regular pay for the remaining twelve days he was absent from his duties; that the amount of his full pay for eight days and one-half for twelve days should be set off against any award for doctor and hospital bills which might be allowed to him.

At the time of his injury he was receiving One Hundred ($100.00) Dollars per month, or an average of Twenty-three and 11/100 ($23.11) Dollars per week. Fifty (50) per cent thereof would be Eleven and 55/100 ($11.55) Dollars. Under the decisions of our courts we believe the contention of the Attorney General to be correct. Claimant received Sixty-six and 60/100 ($66.60) Dollars for non-productive time during the twenty days he was absent from duty. He would have been entitled during said period to Nineteen and 80/100 ($19.80) Dollars temporary total disability. The difference or over payment is Forty-six and 80/100 ($48.80) Dollars. Claimant's duties were such as to bring the accident within the provisions of the Workmen's Compensation Act, and he is entitled to reimbursement for hospitalization and medical care required as first aid and to relieve him from the effects of such accidental injuries. The case is somewhat analogous to the case of *Alfred W. Evans* vs. *State,* C. C. R. No. 3087, wherein an award was granted March 12, 1941, for injuries and medical expense incurred by claimant Evans while employed as a janitor custodian in the Attorney General's office. In the course of his duties he tripped on a chair and his left hand was thrust into a moving fan, breaking the bones and tearing the ligaments of his fingers. An award was allowed therein for such accidental injuries and medical care.

Another analogous case is that of *Dorothy C. Lynch,* 9 C. C. R. 290, in which claimant while employed as a file clerk in the Automobile License Department of the Secretary of State's office, was injured by a fall from an iron stairway leading from the main floor to a balcony in the office where she was employed. Because of the use of sharp-edged cutting tools employed in that office and of municipal regulations applying thereto, the court there held that the enterprise in which claimant was employed at the time of the accident in question was an extra hazardous enterprise within the meaning of those words as used in Section 3 of the Workmen's Compensation Act. In the *Lynch* case application for compensation not having been filed within the time required by Section 24 of the Act, no award for disability was allowed, but it appearing therein that claimant had incurred medical, surgical and hospital bills to a large amount in being cured of the effects of the injury, an award was entered under Section 8 of the Workmen's Compensation Act in payment of

such medical and hospital bills, the court there holding that "Inasmuch as Section 8 of the Compensation Act provides that furnishing by the employer of medical, surgical or hospital services shall not be construed as the payment of compensation, the requirements of Section 24 do not apply to claims within the Act for medical, surgical or hospital services as distinguished from claims for compensation for injuries."

From the record we find that claimant suffered an accidental injury while an employee of respondent which arose out of and in the course of his employment; that he is entitled, under the terms of the Illinois Workmen's Compensation Act, to reimbursement for moneys expended for hospitalization and medical care in the total sum of One Hundred Fifty-nine and 48/100 ($159.48) Dollars; that there should be deducted, however, from said amount the sum of Forty-six and 80/100 ($46.80) Dollars over payment heretofore paid to him by respondent for non-productive time, and that he should have an award for the balance remaining in the sum of One Hundred Twelve and 68/100 ($112.68) Dollars.

An award is therefore made in favor of claimant, Joseph Rider, for medical and hospital expense incurred, in the sum of One Hundred Twelve and 68/100 ($112.68) Dollars.